Filing # 96008566 E-Filed 09/1_,2019 05:16:51 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

JESSICA SERRANO,

                Plaintiff,                        CASE NO.:

vs.

CITY OF HOLLYWOOD, HOLLYWOOD
POLICE DEPARTMENT, and SHAMUS TAYLOR

                Defendants.

_____/

## COMPLAINT

Plaintiff, JESSICA SERRANO ("Plaintiff"), sues Defendant, CITY OF HOLLYWOOD

("City"), Defendant, HOLLYWOOD POLICE DEPARTMENT ("Police Department") and

Defendant, SHAMUS TAYLOR ("Taylor"), and alleges as follows:

### JURISDICTION & VENUE

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of
   interest and cost.

2. That at all times material hereto, the Plaintiff, JESSICA SERRANO, was a resident of Miami-
   Dade County, Florida and otherwise sui juris.

3. That at all times material hereto, Defendant, CITY OF HOLLYWOOD is a political division
   of the state of Florida in which this Court sits.

4. That at all times material hereto, Defendant, HOLLYWOOD POLICE DEPARTMENT is and
   was an agency of the State of Florida and/or the HOLLYWOOD POLICE DEPARTMENT
   was a Constitutional Officer of the State of Florida.

5. That at all times material hereto, Defendant HOLLYWOOD POLICE DEPARTMENT,

Page **1** of **10**

employed Defendant, SHAMUS TAYLOR as a police officer.

6. That at all times material hereto, Defendant, SHAMUS TAYLOR, was a certified law enforcement officer in the State of Florida.

7. That at all times material hereto, Defendant, SHAMUS TAYLOR, was a duly appointed police officer of Defendant, HOLLYWOOD POLICE DEPARTMENT, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or Defendant, HOLLYWOOD POLICE DEPARTMENT.

8. That at all times material hereto, Defendant, SHAMUS TAYLOR, acted within the course and scope of his employment as a police officer for Defendant, HOLLYWOOD POLICE DEPARTMENT.

9. That at all times material hereto, Defendant, SHAMUS TAYLOR, was engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights and the damages suffered therefrom.

10. On August 30, 2017, Plaintiff, JESSICA SERRANO, furnished the City of Hollywood with a written notice of claim via certified mail, pursuant to Florida Statute 768.28.

11. Furthermore, on February 19, 2019, Plaintiff JESSICA SERRANO, furnished to Florida Sheriff's Risk Management, with a written notice of claim via certified mail, pursuant to Florida Statute 768.28.

12. Plaintiff complied with all conditions precedent, including the conditions precedent set forth in Florida Statute 768.28, prior to filing this civil action.

13. Venue is proper in this district because it is where the events complained of occurred.

14. This complaint is brought pursuant to 42 U.S.C. § 1983, and jurisdiction is based on 28 U.S.C.

Sections 1331 and 1343. Plaintiff alleges Defendants acted under color of state law with regard to the facts stated below.

### FACTS

15. That at all times material hereto, as part of Police Department's operation, Taylor is and was employed as a police officer and Police Department is responsible for the actions of Taylor as alleged below.

16. That on or about September 20, 2016, Plaintiff called Police Department on her cellular phone to determine the whereabouts of her car.

17. Plaintiff was not able to get the information she needed so on that same day at or around approximately 5:00 P.M., Plaintiff entered the Hollywood Police Department to see if they could help her figure out where her car was.

18. At approximately 5:22 P.M., Taylor responded to the Hollywood Police Department information desk where Plaintiff was trying to obtain information about her car.

19. Taylor forcibly removed Plaintiff from the Hollywood Police Department and placed her in handcuffs after removing her from the police department.

20. Plaintiff was arrested for Disorderly Conduct, Resisting or Obstructing a Police Officer Without Violence, and Trespass After Warning in an Occupied Structure or Conveyance.

21. The Office of the State Attorney in the Seventeenth Judicial District of Florida was the prosecuting authority for Plaintiff's arrest.

22. On October 12, 2016, a mere twenty-two (22) days after the Plaintiff's arrest, the Assistant State Attorney assigned to the file the criminal charges dropped all three criminal charges, so the charges were never even filed.

23. According to the Office of the State Attorney in the Seventeenth Judicial District of Florida, the office declined to file the Disorderly Conduct because there must be more than loud or profane language or belligerent attitude.

24. Furthermore, there must be some evidence that the person's conduct incited others to breach peace or posed imminent danger to others.

25. Taylor had no lawful reason to arrest Plaintiff.

<strong>COUNT I – STATE TORT OF FALSE ARREST<br>AGAINST CITY OF HOLLYWOOD AND HOLLYWOOD POLICE DEPARTMENT</strong>

26. Plaintiff reaffirms and realleges paragraphs one (1) through twenty-five (25) as fully set forth herein.

27. City, for the protection of its citizens and the enforcement of its laws and the laws of the State of Florida, operated Police Department.

28. Police Department operates for the protection of its citizens and the enforcement of its laws and the laws of the State of Florida.

29. City and Police Department are responsible for the conduct of its police officers who are acting in the course and scope of their employment.

30. As part of its operation, Police Department, employed at all times material hereto, Taylor as a police officer and is, therefore, responsible for the actions of Taylor as alleged below.

31. On or about September 20, 2016, Taylor, in the course of his duties as a police officer of Police Department, came into contact with the Plaintiff within the boundaries of Broward County, Florida.

32. On or about September 20, 2016, Plaintiff was arrested by Taylor, a Police Department police officer, who was acting in the course and scope of his duties as a police officer.

Page <strong>4</strong> of <strong>10</strong>

33. On or about September 20, 2016, and subsequent dates thereafter, Taylor caused and continued to cause the Plaintiff to be arrested and imprisoned, deprived of her liberty, and be prosecuted for a crime she did not commit.

34. Such seizure physically deprived Plaintiff of her right to freedom and liberty.

35. The restraint and arrest of Plaintiff was unlawful and unreasonable in that it was not based upon lawfully issued process of Court.

36. As a result of the actions of Taylor, for which Police Department is responsible, Plaintiff suffered damages.

37. Vicarious liability should be imposed on City and Police Department for Taylor's acts of false arrest to the extent allowed by law.

38. Pursuant to §768.28, Florida Statutes, Plaintiff notified City and Police Department of this claim prior to filing this action and said claim was not resolved.

39. As a direct and proximate result of the intentional act of City and Police Department, Plaintiff was arrested, detained, and confined in jail and suffered from or incurred injury to her reputation and health, shame, humiliation and embarrassment, mental anguish, emotional distress, aggravation of a previously existing disease or defect, legal expense, costs of bond and other related expenses, loss of capacity for the enjoyment of life, lost earnings and time, and the lost ability to earn money in the future. The foregoing losses, damages, and injuries are either permanent or continuing in nature and Plaintiff will continue to suffer the same in the future.

WHEREFORE, Plaintiff, JESSICA SERRANO, demands judgment against the Defendant, CITY OF HOLLYWOOD and Defendant HOLLYWOOD POLICE DEPARTMENT, for

compensatory damages together with lawful costs of this suit, interest, and such other and further relief as this Court may deem just and proper. Plaintiff further demands a trial by jury of all issues triable as a matter of right by a jury.

### COUNT II– 42 U.S.C. § 1983
### FOURTH AMENDMENT VIOLATION FOR FALSE ARREST
### AGAINST CITY OF HOLLYWOOD AND HOLYWOOD POLICE DEPARTMENT

40. Plaintiff reaffirms and realleges paragraphs one (1) through twenty-five (25) as fully set forth herein.

41. While Taylor was acting under color of law as a police officer for Police Department which was operated by City, he deprived Plaintiff of rights secured to her under the Fourth Amendment to the United States Constitution.

42. Taylor unlawfully and without probable cause, seized and arrested Plaintiff.

43. Plaintiff suffered damages as a result of being falsely arrested.

44. The conduct of Taylor violated Plaintiff's established right to be free from an unreasonable seizure and unlawful arrest as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and for which 42 U.S.C. § 1983 provides a remedy.

WHEREFORE, Plaintiff, JESSICA SERRANO, demands judgment against the Defendant, CITY OF HOLLYWOOD and Defendant, HOLLYWOOD POLICE DEPARTMENT, for compensatory damages together with lawful costs of this suit, interest, and such other and further relief as this Court may deem just and proper. Plaintiff further demands a trial by jury of all issues triable as a matter of right by a jury.

### COUNT III– 42 U.S.C. § 1983
### FOURTH AMENDMENT VIOLATION FOR FALSE ARREST
### AGAINST OFFICER SHAMUS TAYLOR

45. Plaintiff reaffirms and realleges paragraphs one (1) through twenty-five (25) as fully set forth herein.

46. While Taylor was acting under color of law as a police officer for Police Department which was operated by City, he deprived Plaintiff of rights secured to her under the Fourth Amendment to the United States Constitution.

47. Taylor unlawfully and without probable cause seized and arrested Plaintiff.

48. Plaintiff suffered damages as a result of being falsely arrested.

49. The conduct of Taylor violated Plaintiff's established right to be free from an unreasonable seizure and unlawful arrest as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and for which 42 U.S.C. § 1983 provides a remedy.

WHEREFORE, Plaintiff, JESSICA SERRANO, demands judgment against the Defendant, SHAMUS TAYLOR, for compensatory damages together with lawful costs of this suit, interest, and such other and further relief as this Court may deem just and proper. Plaintiff further demands a trial by jury of all issues triable as a matter of right by a jury.

### COUNT IV– 42 U.S.C. § 1983
### FIRST AMENDMENT VIOLATION FOR RETALIATION
### AGAINST CITY OF HOLLYWOOD AND HOLLYWOOD POLICE DEPARTMENT

50. Plaintiff reaffirms and realleges paragraphs one (1) through twenty-five (25) as fully set forth herein.

51. While Taylor was acting under color of law as a police officer for Police Department which was operated by City, he deprived Plaintiff of rights secured to her under the First Amendment to the United States Constitution.

52. Taylor, while within the course and scope of his employment as a police officer for Police Department, unlawfully and without probable cause arrested Plaintiff and subjected her to unnecessary force.

53. Such actions by Taylor were taken in retaliation for Plaintiff's lawful exercise of her rights under the First Amendment when she did not want to leave the Hollywood Police Department and Taylor retaliated by arresting her.

54. The conduct of Taylor violated Plaintiff's clearly established right to free speech as guaranteed by the First and Fourteenth Amendments to the Constitution of the United States and for which 42 U.S.C. § 1983 provides a remedy.

WHEREFORE, Plaintiff, JESSICA SERRANO, demands judgment against Defendant, CITY OF HOLLYWOOD and Defendant, HOLLYWOOD POLICE DEPARTMENT, for compensatory damages together with lawful costs of this suit, interest, and such other and further relief as this Court may deem just and proper. Plaintiff further demands a trial by jury of all issues triable as a matter of right by a jury.

## COUNT V– INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST CITY OF HOLLYWOOD AND HOLLYWOOD POLICE DEPARTMENT

55. Plaintiff reaffirms and realleges paragraphs one (1) through twenty-five (25) as fully set forth herein.

56. At all times, Taylor knew that his allegations against Plaintiff would result in the arrest of Plaintiff, the filing of formal charges against Plaintiff, and the prosecution of Plaintiff regarding the allegations.

57. Taylor's conduct was intentional and/or reckless in that he intended his behavior when he knew or should have known that emotional distress would likely result.

58. Taylor's conduct was outrageous in that his conduct exceeded the bounds of decency, and was odious and utterly intolerable in a civilized community.

59. Taylor's conduct caused the Plaintiff to suffer severe emotional distress.

60. Taylor's conduct as herein described was deliberate, willful, wanton, malicious and utterly intolerable in a civilized community.

61. As a direct and proximate result of Defendant's false accusations, Plaintiff was deprived of her right to be free from arrest without probable cause and the due course of justice was impeded.

62. As a direct, proximate and foreseeable result of the Defendant's failure to exercise due care, including failure to exercise due care to prevent Plaintiff from being deprived her right to be free from arrest without probable cause.

63. As a result of the Defendant's wrongful arrest of Plaintiff and subsequent results, Plaintiff suffered emotional distress.

64. As a direct and legal consequence of Taylor's conduct, Plaintiff has suffered and continues to suffer severe emotional or psychological damage that has required her in the past and will continue to require her in the future to undergo medical and/or psychological treatment.

65. Plaintiff has suffered severe emotional distress, as well as mental anguish, psychologically trauma, expenses for the treatment of her trauma, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

66. As a direct and proximate result of the infliction of emotional distress of Defendant upon Plaintiff, Plaintiff was brought into public scandal with great humiliation and suffered mental

anguish, physical trauma, emotional distress in the form of shame, humiliation, degradation, and loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff, JESSICA SERRANO, demands judgment against Defendant, CITY OF HOLLYWOOD and Defendant, HOLLYWOOD POLICE DEPARTMENT, for compensatory damages together with lawful costs of this suit, interest, and such other and further relief as this Court may deem just and proper. Plaintiff further demands a trial by jury of all issues triable as a matter of right by a jury.

DATED THIS 19th day of September, 2019.

**Yeboah Law Group, P.A.**
100 S.E. 3rd Avenue, Suite 1101
Fort Lauderdale, Florida 33394
Telephone: (954) 764-2338
Facsimile: (954) 764-2339
Service E-mail: service@yeboahlawgroup.com
*Attorneys for Plaintiff*

By: /s/ Samuel Yeboah
Samuel Yeboah, Esquire
Florida Bar No: 622974

Filing # 101089066 E-Filed 01/03/2020 01:22:14 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

JESSICA SERRANO,

                    Plaintiff,                          CASE NO.: CACE-19-019490

vs.

CITY OF HOLLYWOOD, HOLLYWOOD
POLICE DEPARTMENT, and SHAMUS TAYLOR

                    Defendants.

_____/

                              **SUMMONS**

Informed person served of contents
Date/Time:
Server Initials:
Server ID#:

THE STATE OF FLORIDA:

To Each Sheriff of the State:

        **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint or
Petition in the above-styled cause upon Defendant:

                      **SHAMUS TAYLOR**
                      **3187 HARDING ST**
                      **HOLLYWOOD, FL 33021**

                      **PLEASE READ CAREFULLY**

        Each defendant is required to serve written defenses to the Complaint or Petition on SAMUEL
YEBOAH, Esq., Plaintiff's attorney, whose address is YEBOAH LAW GROUP, P.A., 100 SE. 3RD AVE,
Suite 1350, Fort Lauderdale, FL 33394, within twenty (20) days after service of this Summons on that
Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this
court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so,
a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

        Dated on _____ JAN 07 2020

                              BRENDA FORMAN
                              As Clerk of the Court

                              By: _____
                              As Deputy Clerk        **BRENDA D. FORMAN**

In accordance with the Americans with Disabilities Act of 1990 (ADA), if you are a person with a
disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no
cost to you, to the provision of certain assistance. Within two (2) working days of your receipt of this
summons, please contact Lauren Failla, ADA Coordinator, in the Administrative Office of the Court, 201
SE 6th Street, Room 275, Fort Lauderdale, Florida 33301, or at (954) 831-6364. This line can
accommodate voice or TDD transmissions for the hearing or voice impaired.

## IMPORTANT

A lawsuit has been filed against you.  You have twenty (20) calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number give above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/ Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonia.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vois.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en memo temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/ Plaintiff's Attorney" (Plaignant ou a son avocat) nomme cidessous.

2

Filing # 101089066 E-Filed 01, ⌐/2020 01:22:14 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

JESSICA SERRANO,

                    Plaintiff,                        CASE NO.: CACE-19-019490

vs.

CITY OF HOLLYWOOD, HOLLYWOOD
POLICE DEPARTMENT, and SHAMUS TAYLOR

                    Defendants.
_____/

                         **SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

        **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint or
Petition in the above-styled cause upon Defendant:

                    **CITY OF HOLLYWOOD**

**By Serving:**

              **CITY OF HOLLYWOOD MAYOR'S OFFICE**
              **2600 HOLLYWOOD BLVD**
              **HOLLYWOOD, FL 33020**

                    **PLEASE READ CAREFULLY**

        Each defendant is required to serve written defenses to the Complaint or Petition on SAMUEL
YEBOAH, Esq., Plaintiff's attorney, whose address is YEBOAH LAW GROUP, P.A., 100 SE. 3RD AVE,
Suite 1350, Fort Lauderdale, FL 33394, within twenty (20) days after service of this Summons on that
Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this
court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so,
a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

        Dated on _____ JAN 07 2020

                                        BRENDA FORMAN
                                        As Clerk of the Court

                                        By: _____
                                            As Deputy Clerk          **BRENDA D. FORMAN**

In accordance with the Americans with Disabilities Act of 1990 (ADA), if you are a person with a
disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no
cost to you, to the provision of certain assistance. Within two (2) working days of your receipt of this
summons, please contact Lauren Failla, ADA Coordinator, in the Administrative Office of the Court, 201

SE 6th Street, Room 275, Fort Lauderdale, Florida 33301, or at (954) 831-6364.  This line can accommodate voice or TDD transmissions for the hearing or voice impaired.

## IMPORTANT

A lawsuit has been filed against you.  You have twenty (20) calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number give above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/ Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonia.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vois.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en memo temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/ Plaintiff's Attorney" (Plaignant ou a son avocat) nomme cidessous.