UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 20-CIV-60209-RAR

JESSICA SERRANO,

    Plaintiff,

v.

CITY OF HOLLYWOOD; HOLLYWOOD
POLICE DEPARTMENT; and SHAMUS
TAYLOR,

    Defendants.
_____/

**DEFENDANT SHAMUS TAYLOR'S ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW, Defendant, SHAMUS TAYLOR ("TAYLOR") by and through his undersigned counsel, and hereby files his Answer and Affirmative Defenses and state:

**JURISDICTION AND VENUE**

1. Without knowledge, therefore denied.

2. Without knowledge, therefore denied.

3. Admit.

4. Denied.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Denied.

1

10. Without knowledge, therefore denied.

11. Without knowledge, therefore denied.

12. Without knowledge, therefore denied.

13. Denied.

14. No response required.

15. Admit that TAYLOR was employed by the HOLLYWOOD POLICE DEPARTMENT at all times material hereto.

16. Without knowledge, therefore denied.

17. Without knowledge, therefore denied.

18. Denied.

19. Denied as phrased.

20. Admit.

21. Without knowledge, therefore denied.

22. Without knowledge, therefore denied.

23. Without knowledge, therefore denied.

24. No response required as this calls for a legal conclusion.

25. Denied.

**COUNT I - STATE LAW FALSE ARREST AGAINST CITY OF HOLLYWOOD AND HOLLYWOOD POLICE DEPARTMENT**

Paragraphs 26 - 39 require no response from TAYLOR. To the extend a response is required, all allegations are denied.

## COUNT II - 42 U.S.C. §1983 FOURTH AMENDMENT VIOLATION FOR FALSE ARREST AGAINST CITY OF HOLLYWOOD AND HOLLYWOOD POLICE DEPARTMENT

Paragraphs 40 - 44 require no response from TAYLOR. To the extend a response is required, all allegations are denied.

## COUNT III - 42 U.S.C. §1983 FOURTH AMENDMENT VIOLATION FOR FALSE ARREST AGAINST OFFICER SHAMUS TAYLOR

45. No response required.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## COUNT IV - 42 U.S.C. §1983 FIRST AMENDMENT VIOLATION FOR RETALIATION AGAINST CITY OF HOLLYWOOD AND HOLLYWOOD POLICE DEPARTMENT

Paragraphs 50 - 54 require no response from TAYLOR. To the extend a response is required, all allegations are denied.

## COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST CITY OF HOLLYWOOD AND HOLLYWOOD POLICE DEPARTMENT

Paragraphs 55 - 66 require no response from TAYLOR. To the extend a response is required, all allegations are denied.

## AFFIRMATIVE DEFENSES

1. Further answering and as his first affirmative defense, TAYLOR would allege and assert that he is entitled to qualified immunity because he did not act in any way which would violate any clearly established rights guaranteed to the Plaintiff under the Constitution of the United States

and/or any statutory and/or common law of which a reasonable person and/or police officer would have known.

2. Further answering and as his second affirmative defense, TAYLOR would allege and assert that at all times material hereto, he had probable cause and/or arguable probable cause as well as a lawful authority and a duty to arrest Plaintiff.

3. Further answering and as his third affirmative defense, TAYLOR would allege and assert that he is entitled to the defense that the Plaintiff's own conduct is the sole cause of her alleged injuries and damages, if any.

4. Further answering and as his fourth affirmative defense, TAYLOR would allege and assert that Plaintiff has failed to mitigate her damages.

5. Further answering and as his fifth affirmative defense, TAYLOR would allege and assert that at all times material hereto, he acted in good faith, without malice, and in pursuant of a lawful and legal duty.

6. Further answering and as his sixth affirmative defense, TAYLOR would allege and assert that the actions taken by him were reasonable upon objective evaluation and not so grossly disproportionate to the need to take those actions so as to warrant recovery pursuant to 42 U.S.C. § 1983.

7. Further answering and as his seventh affirmative defense, TAYLOR would allege and assert that any injuries sustained by the Plaintiff, if any, were caused in whole or in part by Plaintiff's own unlawful acts or conduct and accordingly, Plaintiff may not recover or alternatively, any recovery by Plaintiff must be reduced in accordance with the percentage that caused or contributed to her own

injuries.

8.  TAYLOR further demands reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, should he prevail in this action.

9.  TAYLOR further denies each and every other allegation in Plaintiff's Complaint herein not specifically admitted.

10. TAYLOR reserves the right to amend and supplement these affirmative defenses adding such affirmative defenses as may appear to be appropriate upon further discovery being conducted in this case.

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,
/s/ Tamatha S. Alvarez
TAMATHA S. ALVAREZ (151467)
tsalaw@hotmail.com
MARTIN, LISTER & ALVAREZ
1655 N. Commerce Parkway
Suite 102
Weston, FL 33326
Telephone:   (954) 659-9322
Facsimile:   (954) 659-9909
Counsel for TAYLOR
/s/ Tamatha S. Alvarez
TAMATHA S. ALVAREZ

**SERVICE LIST**
Case No. 20-CIV-60209-RAR

**Samuel Yeboah, Esquire**
Yeboah Law Group
100 SE 3rd Ave., Suite 1350
Ft. Lauderdale, FL 33391
Tel.    954-764-2338
Email: service@yeboahlawgroup.com
       sy@yeboahlawgroup.com
**Counsel for Plaintiff**

**Bruce Jolly, Esquire**
Purdy, Jolly, Giuffreda and Barranco, P.A.
2455 E. Sunrise Blvd., Suite 1216
Ft. Lauderdale, FL 33304
bruce@purdylaw.com,
**Counsel for City of Hollywood and
Hollywood Police Department**