UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-60209-RAR

JESSICA SERRANO,

      Plaintiff,

vs.

CITY OF HOLLYWOOD; HOLLYWOOD
POLICE DEPARTMENT; and SHAMUS
TAYLOR,

      Defendants.
_____/

## **DEFENDANT'S (CITY OF HOLLYWOOD) MOTION TO DISMISS COMPLAINT (COUNTS II, IV AND V)**

The Defendant, CITY OF HOLLYWOOD, through its undersigned attorneys, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, files this its Motion to Dismiss Complaint (Counts II, IV and V) and in support thereof would state as follows:

1. That on January 31, 2020, Plaintiff, Jessica Serrano, instituted this lawsuit against the Defendant, City of Hollywood, City of Hollywood Police Department and City of Hollywood Shamus Taylor, asserting the following claims;

    Count I -- State Tort of False Arrest Against City of Hollywood and Hollywood Police Department

    Count II -- 42 U.S.C. §1983 Fourth Amendment Violation for False Arrest Against City of Hollywood and Hollywood Police Department

    Count III -- 42 U.S.C. §1983 Fourth Amendment Violation for False Arrest Against Officer Shamus Taylor

|  |  |  |
|---|---|---|
| Count IV | -- | 42 U.S.C. §1983 First Amendment Violation for Retaliation Against City of Hollywood and Hollywood Police Department |
| Count V | -- | Intentional Infliction of Emotional Distress Against City of Hollywood and Hollywood Police Department |

All claims arise out of the arrest of Plaintiff alleged to have occurred on September 20, 2016, for the criminal offenses of disorderly conduct, resisting or obstructing a police officer without violence, and trespass after warning in an occupied structure or conveyance, all contrary to applicable Florida Statutes.

2. As to the Defendant, City of Hollywood, those claims contained in Counts II, IV and V, do not state valid claims upon which relief can be granted and for that reason are appropriate dismissed.

WHEREFORE, it is respectfully requested that this Honorable Court grant the Defendant's, CITY OF HOLLYWOOD, Motion to Dismiss.

Further, and in support of this Motion to Dismiss, the Defendant, City of Hollywood, would refer this Honorable Court to the Memorandum of Law attached hereto and by reference made a part hereof.

## MEMORANDUM OF LAW

### I. STANDARD OF REVIEW

To survive a motion to dismiss, a Complaint must state a claim for relief which is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). By way of a general proposition, a trial court, when considering a motion to dismiss, must accept all well pled allegations of the Complaint as being true. However, this does not apply to legal

conclusions. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, does not suffice." Id. A "formulaic recitation of the elements of a cause of action" will not pass 12(b)(6) muster. Twombly, 550 U.S. at 555. Moreover, "conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt. Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth--legal conclusions must be supported by factual allegations. The district court should assume, on a case-by-case basis, that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement for relief. Randall v. Scott, 610 F.3d 701, 709-10 (11th Cir. 2010).

**II.   ARGUMENT**

**1.   Plaintiff's Claims Contained in Counts II and IV Fail as a Matter of Law.**

It is well settled that a government entity is not liable for the actions of its subordinates or employees in a cause of action brought pursuant to 42 U.S.C. §1983 by operation of the concept of respondeat superior/vicarious liability.  Therefore, before liability can attach there must be both allegations and proof of a custom, policy, practice or procedure that provided the moving force behind, and the direct cause of, the alleged constitutional violation. See Monell v. Dept. of Social Services, 436 U.S. 658 (1978) and Fundiller v. City of Cooper City, 777 F.2d 1436 (11th Cir. 1985).

There is a distinction between a custom, practice or procedure and an official policy. In the case of a formal, official policy that clearly authorizes unconstitutional behavior, a single incident of the unconstitutional behavior by a subordinate of the official policy-making authority is sufficient to bring a § 1983 cause of action. See e.g. Monell, supra. However, the law is more stringent in its requirement of proof in the typical § 1983 case where the custom, practice or procedure is not an officially promulgated policy and rather is based upon some other theory that is not directly related to the actual unconstitutional act. Generally, in a case where the "policy of the governmental entity" is argued to exist through such an informal custom or practice, a single or isolated incident of a constitutional violation by an employee is insufficient to establish such an informal custom or practice. See City of Oklahoma v. Tuttle, 471 U.S. 808 (1985) and Craig v. Floyd County, Ga., 643 F. 3d 1306, 1310 (11th Cir. 2011).

In Bd. of County Comm'rs of Bryan County, Oklahoma v. Jill Brown, 520 U.S. 397, 404-15 (1997), the United States Supreme Court declared:

> As our §1983 municipal liability jurisprudence illustrates, however, it is not enough for a §1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.
>
> Where a plaintiff claims that a particular municipal action itself violates federal law or directs an employee to do so, resolving these issues of fault and causation is straight-forward. Section 1983 itself contains no state-of-mind requirement independent of that necessary to state a violation of the underlying right. In any §1983 suit, however, the plaintiff must establish the state-of-mind of the underlying violation. Accordingly, proof that a municipality's legislative body or authorized decision-maker has intentionally deprived the plaintiff of a federally protected right necessarily establishes that the municipality acted culpably. Similarly, the conclusion that the action

> taken or directed by the municipality or its authorized decision-maker itself violates federal law will also determine that the municipal action was the moving force behind the injury of which the plaintiff complains....
>
> Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to insure that the municipality is not held liable solely for the actions of its employee....
>
> Claims not involving an allegation that the municipal action itself violated the law, or directed or authorized the deprivation of federal rights, present much more difficult problems of proof. That a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the employee acted culpably....
>
> Where a court fails to adhere to rigorous requirements of culpability and causation, municipal liability collapses into respondeat superior liability. As we recognized in Monell and have repeatedly reaffirmed, Congress did not intend municipalities to be held liable unless deliberate action attributable to the municipality directly caused a deprivation of federal rights.

(internal quotes and citations omitted.)

To establish the existence of a custom or practice that directly caused a violation of the Plaintiff's constitutional rights, it is necessary to allege and prove a persistent and wide-spread practice of the allegedly unconstitutional behavior (officers violating people's rights to be free from illegal and unreasonable searches) that existed before the incident that occurred on September 20, 2016, and which amounted to the practice or custom of the agency at that date. Moreover, knowledge of such a custom must be attributable to the City as a policy level for the agency. Normally, random acts or isolated incidents are insufficient to establish a custom or practice. See Depew v. City of St. Mary, 787 F.2d 1496, 1499 (11th Cir. 1986); see also Brook v. Scheib, 813 F.2d 1191 (11th Cir. 1987); Brown v. City of Fort Lauderdale, 923 F.2d 1474 (11th Cir. 1991).

Plaintiff's Complaint fails to plead a single fact regarding a prior incident sufficient to impose liability on the City as a governmental entity. Instead, Plaintiff's Complaint, in a boilerplate fashion, contains conclusory and vague allegations regarding the existence of an unofficial custom which is insufficient as a matter of law to impose liability on the City. See Vance v. Miami-Dade Cnty., No. 09-21709-CIV, 2010 WL 2302313, at *4 (S.D. Fla. Jan. 27, 2010) (granting motion to dismiss where Plaintiff's complaint contained only "vague and conclusory allegations of customs or policies without identifying them in the pleading"); Perez v. Metropolitan Dade County, 06-20341-CIV, 2006 WL 4056997, at *2 (S.D. Fla. Apr. 28, 2006) (dismissing complaint and stating that "a plaintiff may [not] simply put forth vague and conclusory allegations alleging the existence of an official policy…the simply mention of 'policy and/or custom is not enough"). So is Plaintiff's attempt to impose liability on the Sheriff based on "the egregiousness" of the subject incident. Tuttle, 471 U.S. at 823-24 ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell.").

Simply put, Plaintiff's Complaint vague and conclusory allegations related to his Monell claim are insufficient to "nudge[] the[] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570. For the reasons outlined above, Plaintiff's Monell claim should be dismissed.

### 3. Count V, Plaintiff's claim for intentional infliction of emotional distress against the City, fails as a matter of law.

To the extent that Plaintiff attempts to sue the City of Hollywood for the tort claim of intentional infliction of emotional distress, such suit is barred by sovereign immunity.

<u>Williams v. City of Mineola</u>, 619 So.2d 983 (Fla. 50 CA 1993), see also Section 768.28(9), Florida Statutes (2016)

> "...the state or its subdivision shall not be liable in tort for the acts or omissions of an officer, employee or agent committed while acting outside the course and scope of his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property."

WHEREFORE, it is respectfully requested that this Honorable Court enter its Order granting the Defendant City's Motion to Dismiss Complaint (Counts II, IV and V), further reserving jurisdiction for the taxation of fees and costs, as appropriate.

**I HEREBY CERTIFY** that a copy of the foregoing was sent to all counsel of record via the Clerk's CM/ECF electronic filing system this **17th** day of February, 2020.

>PURDY, JOLLY, GIUFFREDA, BARRANCO & JISA, P.A.
>Attorneys for Defendant CITY OF HOLLYWOOD
>2455 East Sunrise Boulevard, Suite 1216
>Fort Lauderdale, Florida 33304
>Telephone (954) 462-3200
>Telecopier (954) 462-3861
>E-mail: bruce@purdylaw.com.
>
>
>BY      */s/ Bruce W. Jolly*
>         BRUCE W. JOLLY
>         Fla. Bar No. 203637